**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| QIN ZHANG, an individual,<br><br>              Plaintiff - Appellant,<br><br>   v.<br><br>GOOGLE, INC., a Delaware Corporation;<br>et al.,<br><br>              Defendants - Appellees. | No. 13-56362<br><br>D.C. No. 2:13-cv-00024-PSG-PJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted June 22, 2015[**]

Before:    HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Qin Zhang appeals pro se from the district court's judgment in her action

alleging federal and state law violations arising out of prior state court proceedings.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Zhang's federal claims sua sponte for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because the claims were a forbidden "de facto appeal" of a prior state court judgment or were "inextricably intertwined" with that judgment. *See id.* at 1163-65 (discussing *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev*., 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void"); *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (a court may dismiss sua sponte for lack of subject matter jurisdiction without violating due process).

The district court properly dismissed Zhang's state law claims due to the absence of subject matter jurisdiction over any federal claims. *See Scott v. Pasadena Unified Sch. Dist*., 306 F.3d 646, 664 (9th Cir. 2002) (a district court has no discretion to retain supplemental jurisdiction over state law claims if it dismisses federal claims for lack of subject matter jurisdiction).

Zhang's requests for judicial notice, set forth in her opening brief, are denied as unnecessary.

13-56362

The Google defendants' request for sanctions, set forth in their April 11, 2014 answering brief, is denied.

Pursuant to the May 28, 2014 clerk order, the Clerk is directed to strike the reply brief filed on March 27, 2014.

**AFFIRMED.**